IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> DRIVE CONSTRUCTION, INC. <br><br> Defendant. | CIVIL ACTION |

## COMPLAINT

Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et. al., ("Funds") by their attorneys Terrance B. McGann, Karen M. Rioux and David Whitfield of McGann, Ketterman & Rioux complain of the Defendant, Drive Construction, Inc. ("Drive") as follows:

Parties

     1.     Plaintiffs are jointly administered Taft-Hartley benefit funds located at 12 East Erie Street, Chicago, Illinois and created under collective bargaining agreements between the Chicago Regional Council of Carpenters ("Union") and various multiemployer associations and individual employers operating in the construction industry.

     2.     Defendant, Drive Construction, Inc. is located at 7235 S. Ferdinand Avenue, Bridgeview, Illinois and is engaged in the construction industry. Drive is signatory to a collective bargaining agreement ("CBA") with the Union which

incorporates the terms of the Declarations of Trust that created the Funds. (collectively referred to as the "Trust Agreements").

Jurisdiction & Venue

3.  This action arises under 29 U.S.C. 1132, et. seq. of the Employee Retirement Income Security Act. Venue is properly before the United States District Court for the Northern District of Illinois.

Factual Allegations

4.  The CBA between Drive and the Union requires the company to make monthly contributions to the Plaintiffs based upon rates established by the Union and the number of hours of work performed by its employees and the employees of its subcontractors who perform work covered by the CBA.

5.  The Trust Agreements require Drive to produce its business records to the Plaintiffs in order that the Plaintiffs may determine whether the company has complied with its contractual obligation to submit the required contributions to the Plaintiff Funds.

6.  Drive has failed to produce the records necessary for the Plaintiffs to complete the audit engagement.

7.  The Plaintiffs' preliminary audit report based upon the records produced reflects that Drive failed to pay contributions for at least 2,237 hours of work performed by its employees from January 2016 through March 2018.

8.  Plaintiffs have complied with all conditions precedent to brining this suit.

9.  Plaintiffs have been required to engage legal counsel in order to compel Drive to comply with the terms of its CBA and Trust Agreements by producing all of the records necessary to complete the audit engagement and in order to pursue and recover delinquent contributions and related penalties owed to the Plaintiffs.

10. Drive is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from Drive.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), the Plaintiffs are entitled to an amount equal to the greater of:

    a) Double interest on the unpaid contributions; or

    b) Interest plus liquidated damages not in excess of 20% of the amount that is due.

13. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a) That the Defendant be ordered to produce all books, records and information covering the period of January 1, 2016 through the present to complete the audit as requested by the Plaintiffs and pay all amounts shown to be owed.

b) That the Defendant be ordered to pay liquidated damages on the amount that is due pursuant to the Trust Agreements.

c) That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

d) That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

e) That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

                                            By: s/Terrance B. McGann
                                                  One of the attorneys for Plaintiffs

Terrance B. McGann
Karen M. Rioux
David F. Whitfield
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
tmcgann@mkrlaborlaw.com