IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-2965 |
| v. | ) ) | District Judge Charles R. Norgle |
| DRIVE CONSTRUCTION, INC., | ) ) | Magistrate Judge Jeffrey I. Cummings |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 34, defendant Drive Construction, Inc. ("Drive") moves to compel plaintiffs – Trustees of the Chicago Regional Council of Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago Regional Council of Carpenters Apprentice and Training Program Fund, and Chicago Regional Council of Carpenters Supplemental Retirement Fund – to produce (1) retainer agreements executed between several former employees of Drive and the law firm of McGann, Ketterman & Rioux (the "Law Firm"), whose attorneys also represent plaintiffs in this case; and (2) the text messages and phone records of Alex Perez and Gil Barragan, two employees of the Chicago Regional Council of Carpenters ("Union"). (Dckt. #88). Plaintiffs responded to the motion, (Dckt. #90), and Drive replied. (Dckt. #91). For the reasons set forth below, Drive's motion to compel is denied.

I.  FACTUAL BACKGROUND

Plaintiffs are jointly administered benefit funds created under collective bargaining agreements between the Union and various associations and employers in the construction

1

industry. Plaintiffs filed a complaint against Drive, a party to one such collective bargaining agreement ("CBA"), pursuant to 29 U.S.C. §1132 of the Employee Retirement Income Security Act. (Dckt. #1). The CBA between Drive and the Union obligates Drive to make monthly contributions to plaintiffs based on the hours of the type of work covered by the CBA that are completed by Drive employees. Plaintiffs allege that the records they received from Drive were inadequate because Drive paid numerous employees in cash and failed to record or report the payments, thus preventing plaintiffs from adequately calculating the benefits due under the CBA.

According to the testimony of the Union's Director of Operations, John Jarger, the Union established a tax fraud task force dedicated to investigating claims of fraud in late 2018. (Dckt. #77-1, Jarger Deposition, at 14). The task force initially included three Union employees – including Jarger – and the Union's counsel. (*Id.* at 15). Soon after the formation of the task force, Jarger made the decision to investigate Drive. (*Id.*). This decision was prompted by reports from Alex Perez, a Union business agent, who had heard that Drive routinely paid its employees in cash. (*Id.*). Perez and Gil Barragan, a Union organizer, were subsequently brought onto the task force to conduct the field investigation into Drive. (*Id.*). During the course of this investigation, Perez and Barragan communicated via text and phone with several former Drive employees, who, in turn, have been witnesses in this case.

## II. LEGAL STANDARD

! A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts have broad discretion in resolving such disputes and do so by adopting a liberal interpretation of the discovery rules. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26

provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter."). Discoverable information is not limited to evidence admissible at trial. Fed.R.Civ.P. 26(b)(1).

### A. Plaintiffs are not required to produce the representation agreements between the Law Firm and the former Drive employees.

Drive seeks to compel the production of retainer agreements between the Law Firm and several of the witnesses in this case so that it can learn the dates when the Law Firm began representing the witnesses. (Dckt. #88, at 1). Plaintiffs acknowledge that "retainer agreements between attorneys and the parties to a lawsuit are discoverable and not subject to a privilege," and they admit that plaintiffs' counsel (i.e., the Law Firm) expressly represented that the retainer agreements in question would be produced. (Dckt. #90 at 2). Nonetheless, plaintiffs assert that they are not required to produce the retainer agreements because the retainers are not within their "possession, custody, and control" as Rule 34(a)(1) requires. The Court agrees.

To determine whether documents are within a party's control under Fed. R. Civ. P. 34, "the test is whether the party has a legal right to obtain [them]." *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014), *quoting Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D.Ill. 2004). This determination "is a very fact specific inquiry." *Davis v. Gamesa Tech. Corp.*, No. 08 C 4536, 2009 WL 3473391, at *2 (E.D.Pa. Oct. 20, 2009) (internal quotation marks omitted). The party seeking production of documents bears the burden of establishing the opposing party's control over them. *Meridian Laboratories, Inc. v. OncoGenerix USA, Inc.*, 333 F.R.D. 131, 135 (N.D.Ill. 2019).

In this situation, Drive has failed to show that plaintiffs had a legal right to obtain the retainer agreements notwithstanding the fact that attorneys from the Law Firm represent both them and the former Drive employees. A client does not have a legal right to obtain any and all documents that are in the possession of its attorney. As one court has recognized:

> The mere fact . . . that the attorney for a party has possession of a document does not make his possession of the document the possession of the party. The paper may be one of his private papers which he had before the relation of attorney and client was established. It is inconceivable that he should be required to produce such a paper for the inspection of his client's adversary. The paper which he has in his possession may be the property of some other client. It is inconceivable that he should be compelled to produce the document belonging to another client because the adversary of one of his clients demands it.

*Bhasker v. Kemper Cas. Ins. Co.,* 361 F.Supp.3d 1045, 1119 (D.N.M. 2019); *see also Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502,* No. 15 CV 9323, 2019 WL 3386966, at *4 (N.D.Ill. July 26, 2019) ("The College does not have 'control' over (i.e., the legal right to obtain) the Law Firms' [its outside counsel] files in general"). Instead, "[t]he issue of whether documents are in possession of a party's attorney are under the control of the party [for purposes of Rule 34] is resolved by tracing their origin; if the items were originally produced by the party or the party's agents and then turned over to the attorney, they are considered under the party's control." *Novelty, Inc. v. Mountain View Mktg., Inc.,* No. 107CV01229SEBJMS, 2010 WL 11561280, at *6 (S.D.Ind. Jan. 29, 2010) (internal quotation marks omitted). In this case, the retainer agreements were generated by the Law Firm for other clients and plaintiffs, therefore, have no legal right to obtain them.

Furthermore, Drive's reliance on Rule 34 is misplaced because the Law Firm is not a party to this lawsuit. "When documents are sought from a nonparty, the usual method of compelling production [in its possession] is via a subpoena under Fed.R.Civ.P. 45." *Hobley v. Burge*, 433 F.3d 946, 949, 950 (7th Cir. 2006) ("[B]y its terms, Rule 34 applies only to parties.

4

It is the City, not Jones Day, that is the responsive party in this suit. And even if Jones Day were the City's current counsel, rule 34 would not be the correct discovery tool for gaining access to work product held by an attorney."); *Fulton v. Foley*, 17 C 8696, 2018 WL 11199090, at *1 (N.D.Ill. Aug. 28, 2018) ("documents from other litigation in possession of a party's attorney are not subject to Rule 34, even if the same attorney represents the party in the current matter") (citing *Hobley*); *Breuder*, 2019 WL 3386966, at *4.

For these reasons, Drive is not entitled to an order to compel plaintiffs to produce the retainer agreements.[1]

### B. Plaintiffs need not produce the text messages or phone records of Union employees.

Drive also seeks to compel text messages between Perez, Barragan, and the witnesses who were former Drive carpenters, as well as the phone records of Perez and Barragan. (Dckt. #88). Plaintiffs argue that the text messages and phone records of Union employees are not within their possession, custody, or control and, therefore, are not subject to a Rule 34 request. (Dckt. #90 at 5). Once more, the Court agrees.

Drive has offered no evidence to suggest that plaintiffs have the legal right to obtain the text messages and phone records of Perez and Barragan on demand. Instead, Drive merely references the close ties between the Union and plaintiffs, including their shared counsel and their joint investigation of Drive. (Dckt. #91 at 5). The Court acknowledges that plaintiffs and the Union are closely connected. Indeed, it is possible that if plaintiffs asked the Union – or even Perez and Barragan themselves – to turn over these texts and call logs, they may well have complied. "But the fact that a party could obtain a document if it tried hard enough and maybe if

---

[1] The Court encourages defense counsel to follow up with the Law Firm regarding its representation that it would produce these agreements. If the Law Firm does not voluntarily produce the agreements, Drive may issue a subpoena requesting them on or before June 30, 2022.

it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993); *see also CDOC, Inc. v. Gradient Ins. Brokerage, Inc.,* No. 20 C 1396, 2021 WL 159237, at *3 (N.D.Ill. Jan. 5, 2021) ("Plaintiffs have failed to meet their burden of establishing that Defendant has custody and control of documents in the possession of non-employee third parties, who surely have their own protectible interests in their personal text and email communications.") (citing *Chaveriat*). Accordingly, the Court finds that the text messages and phone records are not in the possession, custody, or control of plaintiffs within the meaning of Rule 34 and they need not be produced by them.[2]

## CONCLUSION

For the foregoing reasons, Drive's motion to compel (Dckt. #88) is denied. Drive's request to extend discovery is granted and a new deadline will be set once the remaining pending discovery motions are resolved.

**ENTERED:** June 22, 2022

**Jeffrey I. Cummings**
**United States Magistrate Judge**

---

[2] Again, Drive is granted leave to issue a subpoena to the Union and/or Perez and Barragan on or before June 30, 2022 to obtain the text messages and phone records.